UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| VERILUX, INC., : | |
|     Plaintiff, : | |
| : | Case No: 3:05cv254 (PCD) |
| vs. : | |
| : | |
| Linaya Gail HAHN, et al., : | |
|     Defendants. : | |

**RULING ON DEFENDANTS' MOTION TO DISMISS**

Defendants Light for Health, Inc. and Linaya Gail Hahn move, [Doc. No. 33] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Amended Complaint of Plaintiff Verilux, Inc.  For the reasons stated herein, Defendants' motion is **denied**.

**I.     Background**

Plaintiff, a manufacturer of "indoor lighting products," seeks relief on the basis of its claim for protection of its purported trademark pursuant to 15 U.S.C. §§ 1501 et seq. (Lanham Act), 1114, and 1125 and Conn. Gen. Stat. § 42-110(b) (the Connecticut Unfair Trade Practices Act), incorrectly cited in the Amended Complaint as 42 CGS § 41-110(b).  Grouping its Registered Trademarks, SUNSHINE IN A LAMP; SUNSHINE IN A BOX; an intended trademark SUNSHINE LAMP; and what are described as trademarks, SUNSHINE and SUNSHINE SIMULATOR; denominated "a family of SUNSHINE trademarks and service marks," Plaintiff asserts infringement by Defendants' use of the phrase "INDOOR SUNSHINE" on and in the sale of lighting products, for which a trademark registration application was applied for by Defendant Hahn on April 10, 2002.  Plaintiff claims that the purportedly infringing trademark is not registered as such with the U.S. Patent and Trademark Office (USPTO).

Defendants' alleged infringement is claimed to cause confusion in the relevant market–lighting fixtures–and injury to Plaintiff.  In its five-count Amended Complaint, Plaintiff alleges: (1) infringement of its "family of SUNSHINE marks," (Count One) (as if it has a monopoly on the market use of the word SUNSHINE, but it puts forth no logo beyond the word), (2) false designation of origin and unfair competition (Count Two), (3) common law trademark infringement and unfair competition (Count Three), (4) Unfair Competition under the Connecticut Unfair Trade Practices Act (CUTPA) (Count Four), and (5) dilution (Count Five).

Defendants have moved to dismiss: (1) Counts One and Two, claiming res judicata on the basis of the dismissal of plaintiff's opposition to the application for registration of INDOOR SUNSHINE by the Trademark Trial and Appeal Board (TTAB); (2) Count Three claiming a want of any basis for a finding of similarity and in turn common law infringement; (3) Count Five as dilution is not alleged as a matter of law; and (4) Counts Three and Four as dismissal of all Federal law claims removes the state law claims from the Court's jurisdiction.

**II.    Standard**

A motion to dismiss must be decided on the facts as alleged in the complaint.  <u>Merritt v. Shuttle, Inc.</u>, 245 F.3d 182, 186 (2d Cir. 2001).  All facts in the complaint are assumed to be true and are considered in the light most favorable to the non-movant.  <u>Manning v. Utils. Mut. Ins. Co., Inc.</u>, 254 F.3d 387, 390 n.1 (2d Cir. 2001).  A motion to dismiss is properly granted when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  <u>In re Scholastic Corp. Sec. Litig.</u>, 252 F.3d 63, 69 (2d Cir. 2001) (quoting <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984)).  "The function of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to

assay the weight of evidence which might be offered in support thereof." Ryder Energy Dist. Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774, 779 (2d Cir. 1984) (internal quotation marks omitted).  The Court "should not be swayed into granting the motion because the possibility of ultimate recovery is remote."  Id.

**III.    Discussion**

   **A.    Res Judicata**

When Defendant Hahn applied for a trademark registration, it consisted of a design and the capitalized phrase, "INDOOR SUNSHINE."  The design consisted of an open door with an arrow coming through the open doorway and pointing to the arched phrase "INDOOR SUNSHINE."  Plaintiff opposed the application, apparently on the basis that registration entitlement was precluded by its prior registration and use of its noted marks, thereby faintly suggesting nonregistrability to avoid infringement.  See Tonka Corp. v. Rose Arts Indus., Inc., 836 F. Supp. 200, 213 (D.N.J.  1993); 15 U.S.C. § 1063(a) ("Any person who believes that he would be damaged by the registration of a mark upon the principal register . . . may upon payment of the prescribed fee, file an opposition . . . stating the grounds therefor. . . .").  Defendants rely on Plaintiff having had the opportunity to assert its trademark claims in the TTAB proceeding and argue that it is thus precluded from asserting the same now.

The general principle and applicability of res judicata, Jim Beam Brands v. Beamish & Crawford Ltd., 937 F.2d 729, 736 (2d Cir. 1991), are not contested.  Defendant contends here that the proceeding before the TTAB involved only the issue of registrability and not the propriety of Defendants' use of the challenged mark and that TTAB had no jurisdiction to provide the relief sought here, i.e., enjoinder of further use and an award of damages, citing

3

Application of Marriott Corp., 517 F.2d 1364, 1367 (C.C.P.A. 1975); Paramount Pictures Corp. v. White, 31 U.S.P.Q. 2d 1768, 1771 (T.T.A.B. 1994).  Plaintiff thus avoids any challenge to its default before the TTAB which resulted in the rejection of the merits of the opposition to registration of Defendants' mark for failure to prosecute same.  Defendants have not responded to Plaintiff's claim of avoidance of any obligation to place its trademark claims before the TTAB and thus the question presented here is whether as a matter of law plaintiff is barred by res judicata on the basis asserted.  Defendants' marks' validity is thus established and Plaintiff will not be heard to question same.

      The foregoing leaves unresolved the question of the effect of Defendants' use of a valid trademark, i.e., whether its use is insulated from a claim of infringement, which is assessed using the criteria set forth in Polaroid Corp. v. Polaroid Elecs. Corp., 287 F.2d 492 (2d Cir. 1961).  Plaintiff could have presented the question of registrability of Defendants' mark by seeking its cancellation, including as a basis therefor the existence of confusion. 15 U.S.C. § 1064 (2006).  Sterling Drug Inc. v. Bayer AG, 14 F.3d 733 (2d Cir. 1994).  As cancellation was not sought and a full record probative of any confusion between Plaintiff's marks and Defendants' mark, or dilution thereby, "in their entire marketplace context" is not presented (the pending motion is for dismissal not summary judgment), it cannot be said as a matter of law that the complaint does not set forth a provable claim of infringement. See Levy v. Kosher Overseers Ass'n of America Inc., 104 F.3d 38 (2d Cir. 1997).  This is true in the absence from the record of the basis on which opposition was claimed before the TTAB and in the record here as to the market form of Plaintiff's mark as compared to Defendants' use to determine confusion.  Id. at 43.

### B.     Dilution

The motion is directed against the claim of dilution in the absence of an allegation that Plaintiff's mark is famous and that actual dilution was caused.  The Amended Complaint does not include the adjective "famous" as to any or all of the alleged marks.  Plaintiff's response asserts compliance with Rule 8 of the Federal Rules of Civil Procedure and asserts that fame and actual dilution will be proven by evidence.  No authority is cited for the proposition that a complaint is deficient absent the specific words of 15 U.S.C. § 1125(c).  The court found none.  The complaint alleges extensive use of Plaintiff's marks in sales to the public and their strength.  Defendants will not be better able to discern the claim they face with the inclusion of the allegedly missing words.  Dismissal of Count Five is denied.

### C.     Similarity

The record notes Plaintiff's "SUNSHINE IN A BOX" and "SUNSHINE IN A LAMP" marks and "SUNSHINE LAMP" mark application solely in those words.  Its further claim of trademarks in the names "SUNSHINE" AND "SUNSHINE SIMULATOR" is specified in just those words.  Defendants' allegedly offending mark is limited to the words "INDOOR SUNSHINE" and the logo noted above.  Defendants claim their mark is so dissimilar as not to be subject to a claim of infringement under the Polaroid criteria.  Based solely on the record presented for consideration of the Motion to Dismiss, the absence of a review of the "entire market context" precludes a legal judgment as to the similarity or dissimilarity of the marks.  Levy v. Kosher Overseers Ass'n of America, Inc., 104 F.3d at 42.  The Motion to Dismiss Counts One, Two and Three is therefore denied.

**D.     State Law Claims**

As defendants' basis for dismissal of Counts Three and Four–absence of remaining federal claims–has not occurred, the Motion to Dismiss Count Four is denied.

**IV.    Conclusion**

For the foregoing reasons, Defendants' Motion to Dismiss is denied.

SO ORDERED.

Dated at New Haven, Connecticut this  31st  day of May, 2006.

>                    /s/
>            Peter C. Dorsey
>        United States District Judge